LOUIS BECKUS, a Minor, by George Beckus, his Father and Next Friend, Plaintiff-Appellant, *v.* THE CHICAGO BOARD OF EDUCATION, Defendant-Appellee.

First District (1st Division)   No. 78-1500

Opinion filed November 13, 1979.

Harry S. Posner, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Manuel Sanchez, and Stephen R. Swofford, of counsel), for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Louis Beckus, a minor, by his father and next friend, George Beckus, appeals from an order of the circuit court of Cook County dismissing his amended complaint. Plaintiff seeks to recover damages from defendant Chicago Board of Education (hereinafter Board) for injuries sustained in a school playground. Defendant, pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48), filed a motion to dismiss the amended complaint based on the immunity of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1975, ch. 85, par. 1—101 *et seq.*) (hereinafter Tort Immunity Act) with supporting affidavits. The trial court dismissed plaintiff's amended complaint and plaintiff appeals.

We affirm.

The only issues in this case involve construction of the Tort Immunity Act and the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 1—1 *et seq.*). Plaintiff, on May 29, 1976, at age 6, was injured while using a slide in a playground owned and maintained by defendant. Plaintiff brought an action alleging negligence on the part of defendant in maintaining the playground slide coupled with a count alleging wilful and wanton conduct and sought damages in the amount of $50,000. Defendant filed a motion pursuant to section 45 of the Civil Practice Act claiming immunity from liability pursuant to section 3—106 of the Tort Immunity Act, and claiming that plaintiff's allegations were insufficient to show wilful and wanton conduct. Pursuant to said motion the court dismissed plaintiff's complaint with leave to amend.

In an amended complaint, plaintiff alleged the defendant insured itself for the type of injuries sustained by plaintiff and therefore the insurance carrier was not exempted from liability by the Tort Immunity Act. In a deposition, a board administrator admitted defendant was insured, but with a "self-insured retention" up to one million dollars per occurrence. The insurance coverage did not commence until defendant's liability was in excess of $1,000,000 per occurrence. Based upon defendant's self-insured retention of up to $1,000,000 for each occurrence, the court found defendant was not insured for plaintiff's injury and dismissed the amended complaint.

■■ On appeal plaintiff alleges that the Board was required to have insurance, and was so insured, and that the immunity provisions of the Tort Immunity Act were waived.

Section 3—106 of the Tort Immunity Act provides as follows:

"Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used as a park, playground or open area for recreational purposes unless such

local entity or public employee is guilty of willful and wanton negligence proximately causing such injury." (Ill. Rev. Stat. 1975, ch. 85, par. 3—106.)

The purpose of the immunity from liability is to encourage the development and maintenance of parks, playgrounds and similar recreation areas. (See *Maloney v. Elmhurst Park District* (1970), 47 Ill. 2d 367, 265 N.E.2d 654.) The Tort Immunity Act requires a public entity's insurance carrier to waive the immunity granted to that entity. Section 9—103(b) of the Tort Immunity Act provides as follows:

"Every policy for insurance coverage issued to a local public entity shall provide or be endorsed to provide that the company issuing such policy waives any right to refuse payment or to deny liability thereto within the limits of said policy by reason of the non-liability of the insured public entity for the wrongful or negligent acts of itself or its employees and its immunity from suit by reason of the defenses and immunities provided in this Act." (Ill. Rev. Stat. 1975, ch. 85, par. 9—103(b).)

A board of education is included in the definition of a public entity in section 1—206 of the Tort Immunity Act.

While the Board has immunity from certain liabilities, a school board does have a duty also to afford protection to certain employees and agents. Section 34—18.1 of the School Code provides:

"The board of education shall insure or indemnify and protect the board, any member of the board or any agent, employee, teacher, student teacher, officer or member of the supervisory staff of the school district against financial loss and expense, including reasonable legal fees and costs arising out of any claim, demand, suit or judgment by reason of alleged negligence, alleged violation of civil rights occurring on or after September 5, 1967, or alleged wrongful act resulting in death or bodily injury to any person or accidental damage to or destruction of property within or without the school premises, provided such board member, agent, employee, teacher, student teacher, officer or member of the supervisory staff, at the time of the occurrence was acting under the direction of the board within the course or scope of his duties." (Ill. Rev. Stat. 1975, ch. 122, par. 34—18.1.)

This statute applies to cities with a population of more than 500,000. Ill. Rev. Stat. 1975, ch. 122, par. 34—1.

■■ ■ Plaintiff's first contention, that defendant was required to have insurance, is without merit. Plaintiff's right to relief depends entirely upon the above provisions of the School Code. The language of the Code is clear, and there is no need for this court to construe it so as to give it any meaning other than the one which is clearly stated. It is the duty of the court to enforce the law as enacted according to its plain and

unmistakable provisions. (*Peterson v. Board of Trustees* (1973), 54 Ill. 2d 260, 296 N.E.2d 721.) The School Code states that a school board "shall insure or indemnify." Prior to 1973 the applicable section stated: "The board of education shall insure * * *." (Ill. Rev. Stat. 1971, ch. 122, par. 34—18.1.) This section was amended in 1973 to read: "The board of education shall insure or indemnify * * *." (Ill. Rev. Stat. 1973, ch. 122, par. 34—18.1.) The Board could choose either to purchase insurance or to indemnify itself.

■ The Tort Immunity Act also does not mandate the purchase of insurance by defendant. "That act permits a municipality, at its option, to elect to waive its immunity from suit by the purchase of insurance." (*Wilhelm v. Baxter* (S.D. Ill. 1977), 436 F. Supp. 1322, 1327. See also *Beach v. City of Springfield* (1961), 32 Ill. App. 2d 256, 177 N.E.2d 436.) In addition to the Tort Immunity Act's protection, the General Assembly could have required liability insurance but failed to do so. *Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 281 N.E.2d 659.

Plaintiff's second contention, that defendant was insured for his injuries, is not supported by the facts of this case. In the amended complaint, plaintiff sought $50,000 in damages. The record discloses that defendant's insurance policy was limited to those liabilities in excess of $1,000,000 per occurrence. The record also discloses that the Board was unsuccessful in its attempts to obtain liability insurance for claims involving lesser amounts. The Board invited insurance bids for such coverage but failed to receive any bids for such lesser amounts.

■ Because of the absence of any insurance coverage for plaintiff's injury, there was no waiver of the Tort Immunity Act. The purpose of section 9—103(b) of the Act is to require that when a local public entity is immune from suit, its insurance carrier cannot avoid liability by invoking the entity's immunity. (*Pippin v. Chicago Housing Authority* (1978), 58 Ill. App. 3d 1029, 374 N.E.2d 1055; *Housewright v. City of LaHarpe* (1972), 51 Ill. 2d 357, 282 N.E.2d 437.) In this case the insurance carrier's policy did not cover plaintiff's claim, and plaintiff's claim is also barred against defendant pursuant to the Tort Immunity Act.

■ In both the original and amended complaints, plaintiff alleged defendant "wilfully and wantonly" maintained the playground where he was injured. Plaintiff has not argued this point on appeal and thereby waived this contention. Supreme Court rule 341(e)(7) (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7)).

For the foregoing reasons, the order of the circuit court of Cook County dismissing plaintiff's amended complaint is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.