DAVID COLLINS, Plaintiff-Appellant, *v.* SCHOOL DISTRICT NO. 189, ST. CLAIR COUNTY, Defendant-Appellee.

Fifth District   No. 82—469

Opinion filed May 9, 1983.

Gomric & Kurowski, of Belleville (John J. Kurowski and Kevin Boyne, of counsel), for appellant.

Vincent J. Hatch, of Donovan, Hatch & Constance, of Belleville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Plaintiff David Collins filed suit on September 10, 1980, against School District No. 189, St. Clair County, Illinois, and Roy Mosley, an employee of the school district. Plaintiff's complaint alleged that on July 31, 1980, at Martin Luther King Junior High School, East St. Louis, Illinois, defendant Mosley struck, kicked and bit the plaintiff, causing bruises, contusions and the loss of teeth. Count I of the complaint sought actual and exemplary damages from defendant Mosley. Count II sought actual and exemplary damages from the school district, alleging that the district was reckless in employing Mosley. The

district subsequently filed a motion for summary judgment as to the plaintiff's count II request for exemplary damages. The motion was based on section 2—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, par. 2—102), which prevented recovery of exemplary damages against a local public entity such as School District No. 189. The trial court granted defendant's motion in an order entered on February 17, 1981.

On October 1, 1981, plaintiff filed a motion to reconsider the trial court's order granting summary judgment on count II of his complaint. In support of his motion, the plaintiff filed a memorandum and attached a copy of the school district's insurance policy, which showed liability coverage to a maximum of $300,000. Plaintiff reasoned that by procuring liability insurance, the district waived any right to deny liability by reason of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, par. 9—103). After hearing arguments on the motion to reconsider, the trial court entered an order on May 21, 1982, setting aside its February 17, 1981, order granting defendant school district summary judgment as to count II of the plaintiff's complaint.

On June 4, 1982, the defendant school district filed a motion to reconsider the order of May 21. The district noted in an accompanying memorandum that its insurance policy excluded liability for punitive damages; therefore, the district is uninsured with respect to the punitive damages sought by the plaintiff. Accordingly, the district reasoned, citing *Beckus v. Chicago Board. of Education* (1979), 78 Ill. App. 3d 558, 397 N.E.2d 175, there was no waiver of immunity for punitive damages. Again, the trial court heard arguments of counsel and on August 3, 1982, it entered an order setting aside its May 21, 1982, order and again allowed defendant's motion for summary judgment on count II of the complaint.

The trial court subsequently entered an order finding that there was no just reason to delay enforcement of its August 3, 1982, order. Plaintiff, therefore, appeals pursuant to Illinois Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)).

On appeal, the plaintiff's sole argument is that the trial court erred in granting the defendant school district's motion for summary judgment based upon the Local Governmental and Governmental Employees Tort Immunity Act since the district had purchased a liability insurance policy. The plaintiff asserts that while section 2—102 (Ill. Rev. Stat. 1981, ch. 85, par. 2—102) provides local public entities with immunity from exemplary damages, section 9—103(c) (Ill. Rev. Stat. 1981, ch. 85, par. 9—103(c)) specifies that acquisition of liability insur-

ance waives any tort immunity defense. *Holda v. County of Kane* (1980), 88 Ill. App. 3d 522, 410 N.E.2d 552, is cited as authority for the position that the district waived any immunity by purchasing liability insurance and thus cannot rely on section 2—102 (Ill. Rev. Stat. 1981, ch. 85, par. 2—102) as a defense.

■ The defendant, on the other hand, draws our attention to *Beckus v. Chicago Board of Education,* which stated:

> "Because of the absence of any insurance coverage for plaintiff's injury, there was no waiver of the Tort Immunity Act. The purpose of section 9—103(b) of the Act is to require that when a local public entity is immune from suit, its insurance carrier cannot avoid liability by invoking the entity's immunity. [Citations.] In this case the insurance carrier's policy did not cover plaintiff's claim, and plaintiff's claim is also barred against defendant pursuant to the Tort Immunity Act." (*Beckus v. Chicago Board of Education* (1979), 78 Ill. App. 3d 558, 561, 397 N.E.2d 175, 178.)

We agree with the defendant that because the district was uninsured with respect to punitive damages, *Beckus* mandates that there is no waiver of tort immunity for punitive damages. However, the defendant concedes that under *Holda,* actual, compensatory damages could be recovered if liability were found. Count II of plaintiff's complaint sought both actual and exemplary damages from the school district.

■ A summary judgment should be entered "if what is contained in the pleadings and affidavits would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to a jury, and the court would be required to direct a verdict." (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500.) In the case at bar, although the issue of punitive damages, as pleaded in count II, could not go to a jury, the issue of whether the defendant school district's conduct caused actual damages remains, and could rightfully withstand a motion for summary judgment. Accordingly, the trial court's order allowing summary judgment as to count II of plaintiff's complaint must be reversed.

For the foregoing reasons, the order of the circuit court of St. Clair County allowing summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HARRISON, P.J., and KASSERMAN, J., concur.