**Gary R. FRANCESHINI, Plaintiff,**

v.

**Albert BETTILYON, Defendant.**

#### No. 84 C 2424.

United States District Court,
N.D. Illinois, E.D.

June 18, 1984.

Timothy T. McLaughlin, Timothy T. McLaughlin, Ltd., Chicago, Ill., for plaintiff.

James R. Schirott, John T. Elsner, Schirott & Elsner, Itasca, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Gary Franceshini ("Franceshini") sues DuPage County ("County") Deputy Sheriff Albert Bettilyon ("Bettilyon") in one claim (Count I) under 42 U.S.C. § 1983 ("Section 1983") and in two pendent state law claims:

1. Count II, alleging battery and

2. Count III, charging negligence.

All three counts seek damages for injuries suffered during the course of Bettilyon's arrest of Franceshini.

Bettilyon now moves to dismiss the non-Section 1983 claims under Fed.R.Civ.P. ("Rule") 12(b)(6), asserting they are barred by Franceshini's failure to give notice under Ill.Rev.Stat. ch. 85, ¶ 8–102 ("Paragraph 8–102"). For the reasons stated in this memorandum opinion and order, ruling on that motion must be deferred pending Franceshini's opportunity to make a further submission as to Bettilyon's insurance coverage.

### Facts [1]

On March 26, 1982 Bettilyon arrested Franceshini and charged him with

---

**1.** As always on a motion to dismiss, all well-pleaded factual allegations are taken as true, with the facts viewed in the light most favorable to the plaintiff. *Wolfolk v. Rivera,* 729 F.2d

driving under the influence of alcohol, diso-beying a red light, driving at an excessive rate of speed and resisting a police officer. Before taking Franceshini into custody Bettilyon grabbed him, threw him to the ground, handcuffed him and then struck him in the ribs and back. Bettilyon then picked Franceshini up off the ground and threw him against Franceshini's car. Bettilyon drove Franceshini to the DuPage County Jail, picked him up in a "fireman's carry" and carried him into the jail and on into an elevator. Once inside the elevator Bettilyon threw Franceshini to the floor. As a result of Bettilyon's actions Franceshini sustained injuries, including torn knee cartilage, and had to undergo medical treatment.

### Illinois Tort Immunity Act

Paragraph 8–102, part of the Illinois Tort Immunity Act, states:

Within 1 year from the date that the injury or cause of action, referred to in Sections 8–101, 8–102 and 8–103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must serve, either by personal service or by registered or certified mail, return receipt requested, a written notice on the Secretary of Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving in substance the following information: the name of the person to whom the cause of action has accrued,

the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any.

If the required notice is not given, suit is barred by the following section of the statute ("Paragraph 8–103"). Despite the unequivocal nature of those provisions, Illinois courts have placed a double gloss on the statutory language:

1. Either service of the statutory notice or the filing of a lawsuit asserting the claim within the one-year period is considered adequate notice. *Padilla v. d'Avis*, 580 F.Supp. 403, 409 (N.D.Ill. 1984) and cases there cited.

2. Notice is considered waived entirely within the limits of any insurance policy issued to a municipality covering the alleged injury.[2] *Collins v. School District No. 189, St. Clair County*, 115 Ill. App.3d 100, 102, 70 Ill.Dec. 914, 916, 450 N.E.2d 387, 389 (5th Dist.1983); *Holda v. Kane County*, 88 Ill.App.3d 522, 528–29, 43 Ill.Dec. 552, 558, 410 N.E.2d 552, 558 (2d Dist.1980); *Beckus v. Chicago Board of Education*, 78 Ill.App.3d 558, 561, 33 Ill.Dec. 842, 845, 397 N.E.2d 175, 178 (1st Dist.1979).

■ Franceshini's Complaint (Count II ¶ 5, Count III ¶ 6) alleges DuPage County has insurance to cover his injury, triggering the waiver of Paragraph 8–102's notice provision. In response Bettilyon says County's insurance covers damages only in excess of $100,000 per occurrence. Because Franceshini prays only $50,000 in compensatory damages and $50,000 in pu-

---

1114, 1116 (7th Cir.1984). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, —— U.S. ——, ——, 104 S.Ct. 2229, 2233, 80 L.Ed.2d —— (1984). Of course this recitation implies no findings of fact.

**2.** Still another portion of the Tort Immunity Act, Ill.Rev.Stat. ch. 85, ¶ 9–103(c) ("Paragraph 9–103(c)") deals specifically with the effect of any such insurance policy. Though this language does not compel the conclusion stated in the text, Illinois case law has so read its terms in conjunction with Paragraph 8–102.

nitive damages,[3] notice is assertedly not waived.

Franceshini attempts to retort in a number of ways:

1. Whether County's insurance policy has a $100,000 deductible provision is a question of fact that cannot be determined on the current motion.

2. In any event, the mere existence of the policy, regardless of any limitation on coverage, creates a waiver of notice.

3. Paragraph 8–102 applies only to suits charging actions within the scope of employment. Because intentional torts do not fit that description, the notice provision is inapplicable.

4. No notice is required for suits brought only against an employee or for suits charging intentional acts.

To deal with the first of those contentions, Bettilyon's reply memorandum attaches an affidavit by County's insurance adjuster stating County has no insurance covering the first $100,000 of any judgment against it or any of its employees.

■ All Franceshini's latter three efforts to get out from under Paragraph 8–102 are without merit:

1. Paragraph 9–103(c) specifically provides for the insurer's waiver "within the limits of [the] policy ...." Consequently the cases focus specifically on the type and amount of damages the insurance policy covers. *Beckus*, 78 Ill. App.3d at 561, 33 Ill.Dec. at 845, 397 N.E.2d at 178 (wholly parallel to the present situation), followed in *Collins*, 115 Ill.App.3d at 102, 70 Ill.Dec. at 916,

450 N.E.2d at 389. Accordingly the existence of an insurance policy that does not cover the claimed damages does not constitute a waiver of notice.

2. Simply because a tort is intentional, it does not necessarily fall outside an employee's "scope of employment." *Sunseri v. Puccia*, 97 Ill.App.3d 488, 493, 52 Ill.Dec. 716, 721, 422 N.E.2d 925, 930 (1st Dist.1981); see also *Mui v. Dietz*, 559 F.Supp. 485, 489–90 (N.D.Ill.1983); *Ramos v. Armstrong*, 8 Ill.App.3d 503, 506, 289 N.E.2d 709, 711 (3d Dist.1982). On Franceshini's own allegations, Bettilyon's excessive use of force during the course of an arrest, though not *authorized* by County, was nonetheless within the scope of employment as the cases have defined that concept.[4]

3. Notice is required for all actions against a public employee, whether charging intentional or negligent conduct. *Zagar v. Health & Hospitals Governing Commission of Cook County*, 83 Ill.App.3d 894, 899, 39 Ill.Dec. 112, 116, 404 N.E.2d 496, 500 (1st Dist.1980).

That leaves only the procedural issue posed by Franceshini's first argument.

■ On that score Franceshini staves off dismissal—though perhaps only for the moment. Rule 12(b)(6) does require acceptance of all well-pleaded allegations in the Complaint, and Franceshini does allege the existence of insurance. Bettilyon should have tendered the factual affidavit about limited coverage at the outset, so Franceshini could have had the opportunity to respond in kind.[5] *FDIC v. Meyer*, 578 F.Supp. 147, 148–49 (N.D.Ill.1983) (Rule

---

3. Bettilyon's memoranda consistently refer only to the comparison between the policy's $100,000 deductible provision and Franceshini's *$50,000* ad damnum. That may imply (as is often true) the policy does not cover punitive damages, but that question need not be addressed at this time (if ever). See the split in the *Holda* court on the punitive damages issue; and see also n. 6 on the ad damnum question generally. One related point: Counts II and III also ask attorney's fees. Unless Franceshini has some special predicate for obtaining that relief, they are not awardable under Illinois law. *Saltiel v. Olsen*, 85 Ill.2d 484, 488–89, 55 Ill.Dec. 830, 832–33, 426 N.E.2d 1204, 1206–07 (1981).

4. Franceshini ought to look before he leaps. If Bettilyon were indeed acting outside the scope of his employment, Franceshini's ability to invoke Section 1983 (which depends on Bettilyon's having acted "under color" of state law) could well be in jeopardy.

5. Under the last sentence of Rule 12(b) the presentation of matters outside the Complaint converts a Rule 12(b)(6) motion into a Rule 56 summary judgment motion. Rule 56(c) accords the adverse party at least 10 days to file opposing affidavits.

12(b)(6) is to resolve questions of law, not *fact*). That opportunity will be afforded now.

### Conclusion

Bettilyon's motion is treated as one for summary judgment. Franceshini is ordered to file any opposing affidavits dealing with the scope of insurance coverage on or before July 2, 1984 (for which purpose Bettilyon is ordered to deliver a copy of the existing policy to Franceshini's attorney on or before June 25), after which this Court will rule on the motion.[6]

---

**6.** Franceshini has asked leave to amend his Complaint to increase the ad damnum if this Court grants the motion to dismiss. Bettilyon resists any such amendment, claiming it would be made in bad faith. All too often the ad damnum is treated in a wholly casual manner: What is an added zero or two between friends? But where it may be either jurisdictional (as in the $10,000 requirement for diversity jurisdic-tion) or a condition of a claim (as here), lawyers cannot in good conscience do what Franceshini's counsel proposes. Before the extent of County's insurance coverage was known and became an issue, counsel and Franceshini selected an outside figure for the prayer for relief. Rule 11 would preclude an increase in that figure to meet a valid defense of lack of notice.