BARBARA ANTIPOREK, Indiv. and as Mother and Next Friend of Kim Antiporek, a minor, Plaintiff-Appellee, v. THE VILLAGE OF HILLSIDE, Defendant-Appellant.

First District (1st Division)   No. 84—411

Opinion filed August 12, 1985.

Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago (Stewart H. Diamond and Cary Schwimmer, of counsel), for appellant.

Carl F. Schroeder, Ltd., of Chicago (Ralph R. Hruby, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Defendant, the village of Hillside, appeals from a series of orders entered in the trial court following a jury verdict in a personal injury action in favor of plaintiff, Barbara Antiporek, individually and as

mother of Kim Antiporek, her minor daughter. The issues presented for review are: (1) whether defendant waived the issue of governmental immunity by not raising the issue in a motion to dismiss; and (2) whether defendant, by joining with other Illinois municipalities for the purpose of self-insuring certain risks, has waived its governmental tort immunities.

The plaintiff brought a cause of action in negligence against defendant for injuries she sustained on January 24, 1982, while sledding on property owned by the defendant village. At trial, after the close of evidence, defendant moved for a directed verdict arguing that it was immunized from liability pursuant to the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 1—101 *et seq.*) (hereafter Tort Immunity Act). A hearing was then held on the question of whether defendant, as a member of the Intergovernmental Risk Management Agency (hereinafter IRMA), a self-insurance agency, had waived the governmental immunities otherwise granted to it. The trial court denied defendant's motion for a directed verdict, finding that IRMA constituted a "fund for insurance" and that the provisions of the Tort Immunity Act had been waived by defendant. The jury rendered a verdict for plaintiff in the amount of $9,800, upon which the court entered judgment. Defendant's motion for judgment notwithstanding the verdict was denied. Defendant appeals from the denial of its motion for directed verdict, from the order entering judgment for plaintiff and from the denial of its motion for judgment notwithstanding the verdict.

We reverse.

Plaintiff contends on appeal that defendant, by failing to attack plaintiff's complaint in a motion to dismiss, has waived the issue of tort immunity. Section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)) lists those defects in pleadings which defendants can attack by a motion to dismiss. Included in these items are any affirmative defense which defendant might raise. Following this listing, the statute further provides that the failure to raise any of the defects by motion "does not preclude the raising of them *** by answer ***." Ill. Rev. Stat. 1983, ch. 110, par. 2—619(d).

■ In the instant case, defendant timely filed its answer to plaintiff's complaint. Thereafter, pursuant to the provisions of section 2—616(a) (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(a)) defendant amended their answer to add an affirmative defense. In that affirmative defense, defendant specifically raised the issue that the provisions of the Tort Immunity Act rendered defendant immune in the action in the absence of "willful and wanton negligence proximately causing

such injury." Plaintiff had pleaded simple negligence in her complaint and filed no response to defendant's affirmative defense of governmental tort immunity. Therefore, despite plaintiff's suggestion to the contrary, defendant properly pleaded and presented the immunity issue in the trial court.

Defendant contends on appeal that its act of jointly self-insuring with other Illinois municipalities does not constitute a waiver of the provisions of the Tort Immunity Act. The trial court held that defendant's membership in IRMA was "sufficiently akin" to insurance to cause the member municipalities to waive the specific immunities granted to them under the Tort Immunity Act.

At the time of the injury to plaintiff here, and since January 1, 1979, defendant had been a member of IRMA. IRMA is an entity created by its member municipalities, who entered into a joint contract for the purpose of self-insuring certain risks. Protection is provided for vehicular liability, property damage, worker's compensation and other types of claims for which municipalities are generally not held immune under the provisions of the Tort Immunity Act. At the time of trial of the instant case, 37 Illinois municipalities were members of IRMA.

■■ The provisions of section 9—103 of the Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 9—103) govern insurance contracts for local governments in Illinois. Subsection (a) provides a number of methods by which a public entity may choose to protect itself against liability. That section states:

> "A local public entity may protect itself against any liability which may be imposed upon it *** by means including, but not limited to, insurance, self-insurance, the purchase of claims services, or participation in a reciprocal insurer as provided in *** the Insurance Code. Insurance shall be carried with a company authorized by the Department of Insurance to write such insurance coverage in Illinois. A local public entity may self-insure provided it complies with any other statutory requirements." (Ill. Rev. Stat. 1983, ch. 85, par. 9—103(a).)

Thus, a governmental body may choose to protect itself through the purchase of insurance or through utilization of self-insurance. Further, this section defines insurance as coverage purchased with a company authorized to write insurance coverage in Illinois.

Subsection (c) of section 9—103 contains the waiver of tort immunities provision. That section provides:

> "Every policy for insurance coverage issued to a local public entity shall provide or be endorsed to provide that the company

issuing such policy waives any right to refuse payment or to deny liability thereto within the limits of said policy by reason of the non-liability of the insured public entity for the wrongful or negligent acts of itself or its employees and its immunity from suit by reason of the defenses and immunities provided in this Act." (Ill. Rev. Stat. 1983, ch. 85, par. 9—103(c).)

Reading these two sections together, we interpret the language as effecting a waiver of tort immunities by municipalities only where municipalities have shifted the risk of loss to a commercial insurance company. Section (c), in providing for the waiver of tort immunities for municipalities, refers to a "policy for insurance coverage" and not to "self-insurance." The term "self-insurance" is contained only in subsection (a). This interpretation is consistent with the public policy concern "of protecting public funds and property and preventing the diversion of tax monies from their intended purpose to the payment of damage claims." (*Melbourne Corp. v. City of Chicago* (1979), 76 Ill. App. 3d 595, 609, 394 N.E.2d 1291, 1301.) In the instant case, the source of funds to satisfy plaintiff's judgment would not be an insurance company. Rather, the amount would be paid from IRMA's self-insurance fund which consists of taxpayer's dollars from the defendant municipality and other municipalities.

The trial court here concluded that defendant had waived its tort immunities since IRMA is "sufficiently akin" to conventional insurance. However, this court has recently held that self-insurance will not be found to be "automatically akin" to conventional insurance. In *Hill v. Catholic Charities* (1983), 118 Ill. App. 3d 488, 455 N.E.2d 183, the issue before the court was whether a self-insurer was required to provide uninsured motorist coverage as a matter of law. The plaintiffs in *Hill* sustained injuries while riding in a vehicle owned by the defendant, which was covered by a certificate of self-insurance. Plaintiffs argued that the uninsured motorist statute (Ill. Rev. Stat. 1983, ch. 73, par. 755a(1)) required that every policy insuring against loss resulting from liability arising out of the use of a motor vehicle must include uninsured motorist coverage. The court held that the term "policy insuring against loss," as used in the statute referred to a conventional insurance policy and did not include self-insurance.

■ This court has previously addressed the issue of whether a self-insured public entity has waived the provisions of the Tort Immunity Act in *Beckus v. Chicago Board of Education* (1979), 78 Ill. App. 3d 558, 397 N.E.2d 175. There, the minor plaintiff sought recovery from the defendant Chicago board of education for injuries sustained in a school playground accident. The court held that the board of edu-

cation's self-insurance program did not effect a waiver of the provisions of the Tort Immunity Act. In *Beckus*, the defendant was a large enough public body to fund its own self-insurance, while the defendant in the instant case joined with other municipalities to self-insure. We do not believe, however, that defendant's act of joining in a risk pool of self-insurers constitutes a waiver of its immunities. We note that the Illinois Constitution authorizes and encourages intergovernmental cooperation. (Ill. Const. 1970, art. VII, sec. 10.) In addition, the Illinois legislature has specifically authorized joint self-insurance as entered into by defendant here. Ill. Rev. Stat. 1983, ch. 127, par. 746.

■■ We hold, therefore, that defendant's membership in IRMA does not effect a waiver of its governmental tort immunities. The defendant has chosen to participate in a program of joint self-insurance and has not purchased conventional insurance. It has contracted with other self-insured entities to provide a common fund of tax dollars for the payment of claims for which it enjoys no immunity. The waiver of immunity provisions of section 9—103 (Ill. Rev. Stat. 1983, ch. 85, par. 9—103) is applicable only where municipalities have purchased insurance from conventional insurance companies which pay judgments from nonpublic funds. IRMA is not a company authorized by the Department of Insurance to write insurance coverage in Illinois. The fact that the municipalities here have the choice of whether they wish to waive the provisions of the Tort Immunity Act through the purchase of conventional insurance or not waive those provisions is not inconsistent with public policy or the law. *Beckus v. Chicago Board of Education* (1979), 78 Ill. App. 3d 558, 397 N.E.2d 175; *Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 281 N.E.2d 659.

For the reasons stated, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

BUCKLEY and O'CONNOR, JJ., concur.