JAMES MASTANDREA, Plaintiff-Appellee, v. CHICAGO PARK DISTRICT, Defendant-Appellant.

First District (5th Division)    No. 1—93—0153

Opinion filed February 10, 1994.—Modified on denial of rehearing April 15, 1994.

Stanley L. Hill, Christopher W. Graul, and Jennifer Lee, all of Stanley L. Hill & Associates, of Chicago, for appellant.

Edward A. Cohen, Paul T. Parker, and Randall M. Lending, all of Vedder, Price, Kaufman & Kammholz, of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff James Mastandrea brought suit against defendant Chicago Park District for damages he received when his bicycle collided with a traffic island. Plaintiff alleged that defendant was guilty of negligence and wilful and wanton misconduct in its design and maintenance of the bicycle path and traffic island. The trial court found that defendant had waived its immunities under the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 1—101 *et seq.*) (Tort Immunity Act) by procuring insurance and allowed plaintiff to present only his negligence claim, and not his wilful and wanton claim, to the jury. The jury returned a verdict in favor of plaintiff and against defendant in the amount of $270,000, reduced by 50% for plaintiff's comparative negligence, resulting in a verdict of $135,000. Defendant appeals.

Defendant raises the following issues on appeal: (1) whether defendant was entitled to application of the Tort Immunity Act to the extent of its self-insured retention; (2) whether the trial court erred in allowing the testimony of plaintiff's economic expert; and (3) whether the trial court made improper comments when withdrawing an erroneous instruction from the jury's consideration. Plaintiff cross-appeals, claiming that the trial court erred when it denied plaintiff's motion for sanctions.

Defendant first claims that the trial court erred when it found that defendant had waived its defenses under the Tort Immunity Act by procuring insurance. The Tort Immunity Act, as it existed at the time of plaintiff's accident in 1984, clearly provided that by obtaining insurance, a local public entity waived immunities otherwise available to it. (Ill. Rev. Stat. 1983, ch. 85, par. 9—103(c); see *Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 281 N.E.2d 659; *Jastram v. Lake Villa School District 41* (1989), 192 Ill. App. 3d 599, 549 N.E.2d 9.) Defendant admits that it was insured, but claims immunity would still exist to the extent of defendant's $125,000 uninsured retention.

In its brief, defendant claims that the trial court, in determining that defendant had waived its immunities, relied "solely on plaintiff's allegations that the case was worth over $1 million." Plaintiff, on the other hand, claims in his brief that the trial court based its decision on defendant's failure to conclusively demonstrate that it was uninsured for any portion of plaintiff's damages. Although defendant has

furnished us with excerpts of a trial court decision not related to this case, for some reason defendant has not seen fit to provide us with a transcript of the trial court's ruling on this issue in the instant case. While the failure to include such information in the record could be considered fatal to defendant's request for reversal, statements made by the parties at oral argument reveal no actual dispute as to the facts necessary to resolve this issue. The parties admitted at oral argument that the trial court's finding that defendant had waived its immunities was based simply on the fact that defendant had procured insurance. Furthermore, it is clear that defendant's insurance policy provided that defendant had a self-insured retention of $125,000 for each occurrence, and a $1 million aggregate. Once defendant paid the aggregate amount of deductible payments, it was no longer required to pay the deductible amount for additional occurrences within the policy period. It does not appear that the parties submitted any information to the trial court regarding whether the aggregate had been met. However, defendant included with its post-trial motion an affidavit from John Flemming, assistant corporation counsel for the Chicago Park District, stating that the $1 million aggregate had not been met and defendant would be required to pay the $125,000 deductible from its self-insured retention. We will accept as true the statements made in this affidavit since plaintiff has not challenged the veracity of this affidavit.

We therefore consider the issue of whether defendant is entitled to its defenses under the Tort Immunity Act to the extent of its $125,000 self-insured retention. Plaintiff claims that it is an either/or situation, wherein either a municipality has insurance and waives its immunities or it does not have insurance and does not waive its immunities. Plaintiff's theory, however, is not supported by Illinois case law. Courts have held that where a municipality has insurance, but plaintiff's claim is below the amount of the municipality's self-insured retention, the municipality could rely on its defenses under the Tort Immunity Act. In *Beckus v. Chicago Board of Education* (1979), 78 Ill. App. 3d 558, 397 N.E.2d 175, the plaintiff sued defendant for injuries she sustained at defendant's playground and sought damages in the amount of $50,000. Defendant had a self-insured retention of $1 million per occurrence. The court concluded that because there was no insurance coverage for plaintiff's injury, there was no waiver of the Tort Immunity Act.

Similarly, in *Ramos v. City of Countryside* (1985), 137 Ill. App. 3d 1028, 485 N.E.2d 418, the plaintiff sued the city for damages she sustained while playing in the city's recreational program. Plaintiff sought damages in the amount of $15,000. The city was self-insured

for claims up to $250,000. The court found significant the fact that defendant did not have insurance to cover plaintiff's injury, and if plaintiff were to recover, the judgment would be paid from a reserve of public funds. (*Ramos*, 137 Ill. App. 3d at 1035.) The court found that defendant had not waived its immunities under the Tort Immunity Act because immunities are waived only where the judgment is paid from nonpublic funds.

■ We see no meaningful distinction where a plaintiff seeks damages in an amount over, rather than under, that of the self-insured retention. The intent of the Tort Immunity Act is to protect public funds, and we must carry out that intent regardless of whether a plaintiff seeks damages in an amount below or above the municipality's self-insured retention. Because defendant in the instant case had no insurance for the first $125,000 of the judgment against defendant, that amount would be paid from public funds. We therefore conclude that the Tort Immunity Act should have been applied to the extent of the $125,000 deductible.

■ In light of our decision that the Tort Immunity Act applies to defendant's $125,000 self-insured retention, on remand, the defendant must be given an opportunity to prove the applicability of the tort immunities it seeks to invoke. Based on the trial court's decision that defendant's immunities had been waived, defendant was unable to present any evidence at trial regarding whether the tort immunities applied and plaintiff was not required to present any evidence that the facts of the case precluded defendant from asserting the immunities claimed or, in the alternative, that defendant's conduct was wilful and wanton. The immunities under the Act must be pled and proved by a defendant municipality. (*McCall v. Chicago Board of Education* (1992), 228 Ill. App. 3d 803, 593 N.E.2d 621.) Whether a tort immunity applies is a question of fact for the trier of fact. (*John v. City of Macomb* (1992), 232 Ill. App. 3d 877, 596 N.E.2d 1254.) If the defendant proves and the jury determines that certain immunities are applicable, then the only way in which plaintiff can recover for the $125,000 not covered by insurance is if he proves wilful and wanton conduct on the part of defendant. (Ill. Rev. Stat. 1983, ch. 85, par. 3—106.) Here, an issue of fact certainly remains regarding whether the immunities applied and, if so, whether defendant acted wilfully or wantonly. We therefore reverse and remand this cause for a new trial in order to give defendant an opportunity to show that the immunities apply and to give plaintiff an opportunity to present evidence that defendant's conduct was wilful and wanton.

Defendant next argues that plaintiff's economic expert, Stan V. Smith, gave speculative testimony which should have been barred by

the court. Through Smith's testimony, plaintiff sought to establish the profits plaintiff lost from real estate development activities for the two years following his accident.

■ Evidence of earnings before and after an injury is admissible if it establishes, with a fair degree of probability, a basis for the trier of fact to assess damages. (*Levin v. Welsh Brothers Motor Service, Inc.* (1987), 164 Ill. App. 3d 640, 518 N.E.2d 205.) A loss need not be proven with absolute certainty; lost profits will always be uncertain to some extent and calculations may be incapable of mathematical precision. (*Agrimerica, Inc. v. Mathes* (1990), 199 Ill. App. 3d 435, 557 N.E.2d 357.) However, testimony as to loss of earnings which is merely speculative, remote or uncertain is improper. *Christou v. Arlington Park-Washington Park Race Tracks Corp.* (1982), 104 Ill. App. 3d 257, 432 N.E.2d 920.

■ Defendant claims that Smith's testimony was speculative since Smith did not rely upon any specific opportunities lost. Instead, Smith relied upon plaintiff's tax returns and plaintiff's earning track record. Smith examined the results of plaintiff's development projects initiated or seeded in the years preceding, during, and following plaintiff's injury. To determine the results of these development projects, Smith attributed the income generated from these projects to the year of the projects' initiation or origin. Smith testified that in his opinion, based on a reasonable degree of economic certainty, losses in development projects occurred in 1984 and 1985, compared to plaintiff's track record prior to that period and his track record after that period. It was Smith's opinion that plaintiff lost, in each of the two years, just under $1 million.

While Smith's opinion may have been based on some uncertainty, we do not find Smith's testimony to be so speculative, remote or uncertain as to require his testimony to be barred. Furthermore, the jury had evidence other than Smith's testimony to assess the loss of plaintiff's profits. Plaintiff testified that his adjusted gross income on his tax returns was $182,854 for 1983, the year preceding plaintiff's accident; $45,438 for 1984, the year of plaintiff's accident; and $1,166,566 for 1985, the year after plaintiff's accident. The jury rendered a verdict in the sum of $159,000 for lost earnings. The amount of damages indicates that the jury did not accept much of Smith's testimony and method of computation. On remand, the jury may consider and decide what weight to give Smith's testimony.

■ Defendant next contends that the trial court erred in making various comments when it withdrew an erroneous instruction and special interrogatory regarding defendant's duty to warn of open and obvious conditions. Defendant concedes that the instruction and

special interrogatory were erroneous. Therefore, in light of our decision to remand this case for a new trial, we need not address the issue of whether the trial court's comments in withdrawing the instruction and interrogatory were erroneous since the instruction and interrogatory will not be given in the new trial.

■ Lastly, we find no merit to plaintiff's contention in his cross-appeal that the trial court should have granted plaintiff's motion for sanctions against defendant. Plaintiff moved for sanctions based upon the failure of defendant to admit control of the traffic island and surrounding area. Plaintiff claims that because defendant consistently denied control of the area, plaintiff was forced to incur tremendous expense through discovery in order to establish whether it was the Chicago Park District or the City of Chicago which controlled the area in which the accident occurred.

The decision whether to impose sanctions is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. (*Yassin v. Certified Grocers of Illinois, Inc.* (1990), 133 Ill. 2d 458, 551 N.E.2d 1319.) Because plaintiff failed to provide us with a transcript of the hearing held on plaintiff's motion for sanctions, we are unable to assess the propriety of the trial court's denial of plaintiff's motion. Where the record is incomplete, a reviewing court will indulge in every reasonable presumption favorable to the ruling appealed from and presume that the missing portion contained that which justified the action of the court. (*Sandberg v. American Machining Co.* (1975), 31 Ill. App. 3d 449, 334 N.E.2d 246.) We therefore presume that the trial court had sufficient basis for denying plaintiff's motion for sanctions.

■ Accordingly, for the reasons set forth above, we affirm in part and reverse and remand in part. We also deny plaintiff's petition for rehearing which argues that, in light of our decision to reverse and remand, other factors must be decided by us, such as how to enter judgment if the verdict exceeds $125,000. Based on the inadequacy of the record presented in this case, and the fact that the trial court never had an opportunity to address these issues, we deem it appropriate to give the trial court the initial opportunity to decide these issues.

We have been hampered in our disposition of the case from the outset because neither side submitted a transcript of the proceedings wherein the trial court made its ruling or stated its reasons for holding that defendant had waived its immunities by obtaining insurance. As noted previously in this opinion, the parties had different interpretations of the trial court's ruling as to the waiver of immunities. Even plaintiff himself has provided us with varying

reasons for the trial court's ruling. In his initial brief, plaintiff claimed the trial court's ruling that defendant had waived its immunities was based upon the defendant's failure to conclusively demonstrate that it was uninsured for any portion of plaintiff's damages. However, both parties conceded at oral argument that the trial court's decision that defendant's tort immunities had been waived was based simply on the fact that defendant had insurance. Now, in his petition for rehearing, plaintiff has once again changed his argument, reiterating his initial argument that the trial court's decision was based on the fact that defendant had not shown that its deductible had been satisfied. In his petition for rehearing, plaintiff also argues for the first time that because Flemming's affidavit, which stated that defendant's deductible had yet to be satisfied, was attached to defendant's post-trial motion, plaintiff never had an opportunity to respond to the affidavit. Plaintiff also alleges, for the first time in his petition for rehearing, that the trial court specifically stated that it would not consider the affidavit in determining whether defendant waived its immunities. Plaintiff, however, makes no citation to the record in support of this assertion.

Due to the absence of a transcript of the trial court proceedings, we are unable to make an independent determination as to the basis for the trial court's rulings. We cannot determine whether the trial court considered the affidavit, or if plaintiff had an opportunity to dispute the affidavit in the trial court. It is clear, however, from the record in this court that plaintiff never filed a motion asking that Flemming's affidavit be stricken from the record on appeal. We therefore find that it is untimely for plaintiff to raise this argument for the first time in his petition for rehearing. Accordingly, we clarify our ruling that defendant must be given an opportunity on remand to prove the applicability of tort immunities and then plaintiff must be given an opportunity to show that defendant acted wilfully and wantonly. Plaintiff's additional request for relief in his petition for rehearing is denied.

Affirmed in part; reversed and remanded in part.

GORDON and COUSINS, JJ., concur.