**RITSEMA–MILLGARD, INC., a corporation, Plaintiff,**

v.

**MICHAEL J. McDERMOTT & COMPANY, a corporation, and the City of Chicago, a Municipal Corporation, Defendants.**

No. 68 C 736.

United States District Court
N. D. Illinois, E. D.

Jan. 9, 1969.

Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for the plaintiff.

Raymond F. Simon, Corporation Counsel, City of Chicago, Chicago, Ill., for the defendant, City of Chicago.

Donald J. O'Brien, O'Brien, Heywood & Evans, Chicago, Ill., for the defendant, Michael J. McDermott & Co.

## MEMORANDUM AND ORDER

CAMPBELL, Chief Judge.

Plaintiff has filed an amended complaint in Count Two of which it charges that the defendant, City of Chicago, negligently and carelessly, owned, operated, and maintained a certain watermain so that it was in a defective, deteriorated and leaking condition. By reason of the alleged negligence, water from the main flooded plaintiff's caisson excavations causing a work stoppage and damages following therefrom.

The City of Chicago has moved to dismiss Count Two (the only Count in which it is named) for failure to comply with the six month statutory notice requirement (Ill.Rev.Stat. C. 85, § 8–102) and the applicable one year statute of limitations. (Ill.Rev.Stat. C. 85, § 8–101). The alleged negligence occurred August 29, 1966. Plaintiff's amended complaint was filed August 16, 1968. No statutory notice was filed.

In 1965 the Illinois legislature adopted the Local Government and Governmental Employees Tort Immunity Act. (Ill.Rev.Stat. C. 85, § 1–101 et seq.) The act was adopted immediately after the Illinois Supreme Court had repudiated the last vestige of the doctrine of governmental immunity. (See Harvey v. Clyde Park Dist., 32 Ill.2d 60, 203 N. E.2d 573 (1965).) It was intended to assure uniformity in treatment to all units of local government and to salvage certain protections for public entities some of which had found themselves subject to suit for the first time. The one-year statute of limitations and more particularly, the six month notice provision were borrowed from prior law relating to personal injury actions and thus retain the basic parlance of those actions. (1963 Ill.Rev.Stat., C. 24, § 1–4–1, 2 and 3) In

the 1965 Act they (the notice requirement and one year limitation) were intended no less to apply to all tort actions brought against local public entities. The Local Government Immunity Act and the notice requirements and limitations therein apply to all tort actions brought against local governments.

■ Plaintiff's claim is based on negligence. It sounds in tort. I can find no interpretation of the statute which would prevent the application of the notice requirement or the short statute of limitations.

Accordingly, the motion of the City to dismiss is granted and Count Two of the complaint is dismissed.