KLARA E. CROWE, Plaintiff-Appellant, *v.* DENNIS DOYLE *et al.,*
Defendants-Appellees.

(No. 71-159;

Third District—August 14, 1972.

Silberstein & Napoli, of Peoria, for appellant.

W. Thomas Johnston, of Peoria, for appellees.

PER CURIAM:

Plaintiff-Appellant, Klara Crowe, brought this action in the Circuit Court of Peoria County seeking damages based on the alleged negligence of defendants, Dennis Doyle and the City of Peoria, his employer. Defendants moved to dismiss the complaint indicating plaintiff had failed to give notice to defendants within six months of the incident as required by Ill. Rev. Stat. 1969, Chap. 85, Sec. 8—101 to 8—103 (Tort Immunity Act). Plaintiff argued in opposition to the motion that the notice so required had been waived. The trial court concluded that notice was required and dismissed the complaint. Plaintiff has appealed from the judgment of dismissal but the defendants have elected not to file any brief in this court.

Subsequent to the decision of the trial court in this case, the Illinois Supreme Court decided the cases of *Housewright v. City of LaHarpe,* 51 Ill.2d 357; and *Fanio v. John W. Breslin Co.,* 51 Ill.2d 366. In each of these cases the Court held the purchase of insurance by a municipality insuring against the liability asserted constituted waiver of the notice requirement of the Tort Immunity Act. We believe such cases are conclusive of the issue raised on this appeal and require a reversal of the trial court judgment.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is reversed and remanded with directions to proceed in accordance with this opinion.

Reversed and remanded with directions.