ALBERT RAMOS et al., Plaintiffs-Appellants, v. DALLAS ARMSTRONG et al., Defendants-Appellees.

(No. 72-147; ■■■

Third District—November 17, 1972.

504

Franklin S. Wallace, of Rock Island, for appellants.

Robert J. Noe, of Moline, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Albert Ramos and Robert Martel, the plaintiffs, filed a complaint against Dallas Armstrong and Thomas Nielsen, the defendants, wherein it was alleged that the defendants as police officers arrested them without probable or reasonable cause and then unlawfully struck and injured them. The complaint further alleges that the plaintiffs were later tried by the circuit court of Rock Island County and found not guilty on the charges of aggravated battery and resisting or obstructing a peace officer. The complaint charges the defendants with false arrest, malicious prosecution, battery and prays for an award of monetary damages.

The complaint also sets forth that in compliance with the statute regarding notices to municipal corporations that notice was served upon the defendants, the city clerk and city attorneys for the cities of East Moline and Moline. The notice was signed on behalf of the plaintiffs by their attorneys and listed the address and phone number of said attorneys. The notice did not list the address of the plaintiffs. Based upon this omission the trial court found the notice to be defective and dismissed the plaintiffs' action. This appeal stems from the order of dismissal.

The precise issue presented by this appeal is whether the trial court was correct in dismissing the plaintiffs' action because the notices given failed to include all statutory elements, to-wit, the plaintiffs' address as required by Chapter 85, Section 8—102, Illinois Revised Statutes.

In order to determine this issue we must first direct our attention to the applicable statutes which are as follows:

"Within 6 months from the date that the injury or cause of action, referred to in Sections 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must personally serve in the Office of the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any,  *   *   *." Ill. Rev. Stat., Ch. 85, Sec. 8—102.

"If the notice under Section 8—102 is not served as provided therein, any such civil action commenced against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, shall be dismissed and the person to whom such cause of injury accrued shall be forever barred from further suing." Ill. Rev. Stat., Ch. 85, Sec. 8—103.

■■ The plaintiffs stress the fact that their complaint was directed against the defendants individually and not against any municipality and therefore strict compliance with the "notice" statute is not essential. The plaintiffs' reasoning in support of this contention is that the defendants were directly involved in the incident which was the subject of the complaint and therefore had full knowledge of all facts which were necessary to effect a defense or settlement. They also argue that the names, addresses, and phone numbers of their attorneys were listed who could well have been contacted for the purpose of obtaining requisite information. The plaintiffs cite the case of *King v. Johnson*, 47 Ill.2d 247, 265 N.E.2d 874, wherein it is stated that the purpose of the statute involved is to furnish timely notice of injury so that there can be an investigation and prompt settlement of meritorious claims. That the plaintiffs filed suit

against the defendants individually and not against a municipality we hold to be of no consequence since the statute specifically provides:

"\* \* \* (a) local public entity, or \* \* \* *any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury* \* \* \* must personally serve \* \* \*." Ch. 85, Sec. 8—102, Ill. Rev. Stat.

We believe that the statute is crystal clear and we would be engaging in a distortion of it to hold that any of its requirements were waived because the defendants served were individuals rather than a municipality. In the case before us the defendants were police officers of the cities of Moline and East Moline and were acting within the scope of their employment when the complained of incidents occurred and they therefore fall within the purview of the statute regarding the notice requirements. See *Brown v. Shook,* 132 Ill.App.2d 246, 268 N.E.2d 883.

The plaintiffs further argue that a liberal interpretation of the statute is necessary and in support of this contention cite the case of *Reynolds v. City of Tuscola,* 48 Ill.2d 339, 270 N.E.2d 415, wherein our Supreme Court stated:

"A liberal interpretation of the statute is necessary because of its position in relation to the common law and because a more restrictive interpretation could lead to absurd, inconvenient or unjust consequences."

■■ It should be noted that in this case advocating a liberal interpretation the question presented was whether the service of the notice by registered mail, return receipt requested, met the statutory requirement of personal service. The court held that it did. It is clear that in *Reynolds* the question was one as to the mode of service while in the instant case we are concerned with a requirement as to the content of the notice. However, we need not rely on or accept this distinguishing feature in order to determine the question presented to us. Commencing in the year 1909 with the case of *Ouimette v. City of Chicago,* 242 Ill. 501, 90 N.E. 300, the courts of Illinois have traditionally held that statutes requiring the giving of notice to municipalities are strictly construed and must be followed with complete adherence to each prescribed detail. While the strict construction interpretation may at times appear harsh the rule of *stare decisis* compels our adherence to it. We do not believe that the liberal interpretation doctrine set forth in the case of *Reynolds* can be followed in the instant case. (See *Rapacz v. Township High School District No. 207,* 2 Ill.App.3d 1095, 278 N.E.2d 540.) For the reasons herein set forth we conclude that the trial court was correct in finding that the failure to include the plaintiffs' address was also a failure to comply with

the requirements of Chapter 85, Section 8—102, Illinois Revised Statutes, which would compel a dismissal of the plaintiffs' complaint.

■■■ Both in a reply brief filed by the plaintiffs and during oral argument before this court it was called to our attention that the city of Moline had insurance in force covering the complained of acts of the defendants and that therefore no notice is required as the result of the recent decisions of our Supreme Court in the cases of *Fanio v. John W. Breslin Co.*, 51 Ill.2d 366, 282 N.E.2d 443, and *Housewright v. City of LaHarpe*, 51 Ill.2d 357, 282 N.E.2d 437. We are cognizant of the fact that this question of insurance coverage and applicability of the law set forth in the cases of *Fanio* and *Housewright* dehors the record filed in this appeal. We are also acutely aware of lurking problems and dangers when a reviewing court looks beyond the record and therefore such a practice should only be indulged in when unusual circumstances are present. We believe that we have such unusual circumstances in the instant case. The notice of appeal in this case was dated March 24, 1972. The *Housewright* and *Fanio* opinions are dated March 30, 1972. Since these opinions which set forth a clear cut departure from the pre-existing law in regard to certain aspects of the statute regarding notices to municipalities and its employees were rendered subsequent to the proceedings in the trial court we believe that the better procedure is to direct a remand of this case to the trial court for a further hearing based upon appropriate pleadings in regard to insurance coverage by the municipality and whether or not the law as set forth in *Housewright* and *Fanio* is applicable. (See *Crowe v. Doyle and City of Peoria*, 6 Ill.App.3d 1098, 287 N.E.2d 99.) We therefore affirm the trial court's order in dismissing the action because the statutory notice served by the plaintiffs failed to include their address, but remand the case for a further hearing upon the matters we have indicated.

Affirmed but remanded with directions.

STOUDER, P. J., and ALLOY, J., concur.