CHARLES LIGHTFOOT *et al.*, Plaintiffs-Appellants, *v.* HENDERSON COUNTY DRAINAGE DISTRICT No. 1, HENDERSON COUNTY, Defendant-Appellee.

(No. 74-74;

Third District—July 31, 1974.

Richard L. Whitman, of Kritzer, Stansell & Critzer, of Monmouth, for appellants.

Samuel Naylor, of Carthage, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This action was commenced by Charles and Eileen Lightfoot, plaintiffs-appellants, against the Henderson County Drainage District No. 1, defendant-appellee, seeking damages for the wrongful removal of a levee and dirt. Pursuant to defendant's motion to dismiss the complaint, the circuit court of Henderson County dismissed the complaint and it is from such order that this appeal follows.

On November 29, 1966, a complaint was filed on behalf of Charles and Eileen Lightfoot. The complaint alleged that during the spring of 1965 agents or employees of Henderson County Drainage No. 1 destroyed a levee on the south bank of Henderson Creek on land owned by the plaintiffs in Henderson County. The complaint also claimed that agents or employees of the drainage district had removed hundreds of tons of earth from the plaintiffs' land and that the effect of the defendant's actions was to reduce the value of the plaintiffs' land by $6,300.

The clerk of the circuit court of Henderson County is also, by statute, made ex-officio clerk of the Henderson County Drainage District No. 1. No notice of a claim by the Lightfoots against the drainage district was filed with the circuit clerk of Henderson County other than the complaint filed on November 29, 1966.

On February 13, 1969, the plaintiffs filed an amended complaint through a new attorney. The amended complaint alleged that the levee was destroyed by agents or employees of the defendant "during the

spring of 1966, the exact date being unknown to the plaintiffs."

On September 4, 1970, the plaintiffs filed an amendment to their second amended complaint. In that amendment, the plaintiffs alleged that the levee was destroyed "during the fall of 1965, the exact date being unknown to the plaintiffs." The filing of this amendment was allowed by stipulation on November 19, 1973.

On January 26, 1970, the plaintiffs filed interrogatories to be answered by the defendant. Interrogatory No. 17 asked if the defendant had an insurance policy covering liability for damage to property. Interrogatory No. 18 asked the name of the insurance company, who had possession of the policy, and the amount of policy limits for property damage. On February 19, 1970, the defendant filed answers to the interrogatories, but the answers objected to several of the interrogatories, including Nos. 17 and 18.

On May 27, 1970, at the request of the plaintiffs, the court ordered the defendant to answer within 10 days the interrogatories which had been objected to. The defendant filed answers to the interrogatories to which objection had been made on June 9, 1970. But interrogatories 17 and 18 were not answered. Instead, the defendant states, "this matter is still under investigation and an answer will be supplied within a reasonable length of time." No answers to interrogatories were ever filed.

On April 1, 1971, the defendant filed a motion to dismiss the action for the reason that the plaintiffs had not complied with the 6-month notice provision of section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1965, ch. 85, § 8—102). The court allowed the motion to dismiss on December 14, 1973. The plaintiffs have appealed from the order allowing the motion to dismiss.

■■■ As has been held in *Fanio v. John W. Breslin Co.*, 51 Ill.2d 366, 282 N.E.2d 443, *Housewright v. City of LaHarpe*, 51 Ill.2d 357, 282 N.E.2d 437, and *Crowe v. Doyle*, 6 Ill.App.3d 1098, 287 N.E.2d 99, that the purchase of insurance by a municipality insuring against the liability asserted constitutes waiver of the notice requirement of the Tort Immunity Act (Ill. Rev. Stat. 1965, ch. 85, § 9—103). As indicated in the foregoing facts no notice of the occurrence which is the basis of the plaintiffs' claim was given to the defendant within 6 months as required by statute and consequently plaintiffs' claim would be barred unless the defendant's liability was covered by insurance.

■■ From the arguments of counsel both in their briefs and during oral argument the crucial issue in determining the propriety of the trial court's action is the question of whether the defendant did or did not have liability insurance covering the loss. In this respect the record is

most confusing. Both parties concede that if the defendant had waived its immunity by the purchase of insurance the complaint should not have been dismissed and conversely if no insurance had been purchased the complaint should have been dismissed.

■■ Although the defendant argues that no adverse inferences or consequences should flow from its failure to answer the interrogatories it appears the trial court acted as if the defendant had not purchased insurance even though this fact is not clearly demonstrated from the record. The issue of whether defendant had or had not purchased insurance is a simple issue completely within the knowledge of the defendant. The failure of the record to settle this issue makes it impossible to determine whether the court properly ruled in favor of the defendant.

Accordingly, we remand this case to the circuit court of Henderson County initially for the limited purpose of determining whether or not the defendant had purchased insurance which was in effect at the times mentioned in the complaint as amended. If the court determines no such insurance had been purchased then the judgment of the circuit court of Henderson County will be affirmed. If, on the other hand, the court determines insurance had been purchased then its judgment will be reversed and further proceedings had.

Judgment affirmed in part, reversed in part and remanded with directions.

ALLOY, P. J., and DIXON, J., concur.