EARLEAN JOHNSON *et al.*, Plaintiffs-Appellants, *v.* FRANK KING *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 62520

Opinion filed November 22, 1977.

Berman and Newman, of Chicago (Edwin M. Berman, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and John A. Dienner, III, Assistant State's Attorneys, of counsel), for appellees.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiffs, Earlean Johnson and Patricia Johnson, appeal from an order of the circuit court dismissing their complaint against defendants, Frank King and Andrew Tucker, both deputy sheriffs of Cook County, for plaintiffs' failure to comply with section 8—102 (the notice provisions) of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 8—102). On appeal they contend (1) that the circuit court's application of section 8—102 to the facts at bar deprives them of their rights to due process and equal protection under section two of article I of the Illinois Constitution of 1970 and the fourteenth amendment of the United States Constitution, and (2) that section 8—102 does not apply to wilful and wanton misconduct of governmental employees or to actions of governmental employees outside the scope of their employment.

On December 20, 1973, plaintiffs filed a 12-count complaint against defendants, Frank King and Andrew Tucker, deputy sheriffs of Cook County, and Martin Novak, a Chicago policeman. Plaintiffs claimed in their complaint that on December 28, 1971, defendants forced their way into plaintiffs' home and maliciously, wilfully and wantonly beat plaintiffs. The complaint made no reference to defendants' employer or to the scope of defendants' employment. Nearly two years had elapsed from the date of the alleged injury to the date of the filing of the complaint.

Defendants filed a motion to dismiss pursuant to section 48 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48) asserting plaintiffs' failure to comply with section 8—102 (the notice provisions) of the Local Governmental and Governmental Employees Tort Immunity Act. Plaintiffs had not personally served the governmental entity with notice of the alleged injury within six months of the date of the alleged injury as was required by section 8—102. In support of their motion defendants attached an affidavit setting forth that they were deputy sheriffs on December 28, 1971, and that they were at plaintiffs' home on official business, serving an attachment for contempt on Arthur Johnson. Plaintiffs had neither filed a verified complaint nor did they file a counteraffidavit, and defendants' affidavit thus stood unrebutted.

The circuit court granted the motion of defendants, Frank King and Andrew Tucker, to dismiss, and the case below proceeded against Martin Novak who had filed an answer to plaintiffs' complaint and is not a party to this appeal. When the circuit court denied plaintiffs' motion to vacate the dismissal order, plaintiffs appealed to this court.

Initially plaintiffs contend that section 8—102 of the Tort Immunity Act deprives them of their rights to due process and equal protection of the laws under the respective clauses of the United States (U.S. Const.,

amend. XIV, §1)[1] and Illinois (Ill. Const. 1970, art. I, §2)[2] Constitutions. However, they cite no case authority for their contention.

In *King v. Johnson* (1970), 47 Ill. 2d 247, 265 N.E.2d 874, our supreme court found sections 8—102 and 8—103 (Ill. Rev. Stat. 1967, ch. 85, pars. 8—102 and 8—103) to apply equally to all those in the same class—local governmental entities and their employees—and not to violate the provision of the Illinois Constitution prohibiting special laws and special privileges and immunities (Ill. Const. 1870, art. II, §14; art. iv, §22). In following *King, Housewright v. City of LaHarpe* (1972), 51 Ill. 2d 357, 282 N.E.2d 437, held that neither the requirement of notice of sections 8—102 and 8—103 nor the limitation of the time within which the notice must be given deprives plaintiffs of their constitutional guarantees of due process of law and equal protection of the law.

We have previously applied the equal protection test enunciated in *S. Bloom, Inc. v. Mahin* (1975), 61 Ill. 2d 70, 76, 329 N.E.2d 213, 217, to the legislative provisions in question. (*Panko v. County of Cook* (1st Dist. 1976), 42 Ill. App. 3d 912, 356 N.E.2d 859.) The test used in *Panko* first identifies the purposes or objectives of a legislative scheme and then asks whether the controverted classification bears a rational relationship to a legitimate legislative purpose. *Panko* found the notice requirement to have a rational relationship to the legislative purpose of imposing tort liability on all local governmental entities on a fair and orderly basis.

The applicable statute in the instant case is identical to the statute applied in *Panko*. Moreover, *Housewright* held that sections 8—102 and 8—103 do not violate the constitutional guarantees of due process of law and equal protection of the law. Consistent with *Housewright* and with *Panko* we believe that the classification created by section 8—102 is reasonable and has not infringed plaintiffs' rights to due process and equal protection of the laws.

Plaintiffs further contend that the court below improperly applied section 8—102 (Ill. Rev. Stat. 1971, ch. 85, par. 8—102) to the facts in the instant case. Specifically they argue that the Act does not apply when individuals are charged with wilful and wanton misconduct, and that the question of whether defendants were acting within the scope of their employment is a question of fact and should have been left for jury determination. In support of this contention plaintiffs rely solely on *Hampton v. City of Chicago* (7th Cir. 1973), 484 F.2d 602.

---

[1] Section 1 of the fourteenth amendment provides in pertinent part that "[n]o State shall ° ° ° deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, §1.

[2] Section 2 of article I provides in relevant part that "[n]o person shall be deprived of life, liberty or property without due process of law nor be denied the equal·protection of the laws." Ill. Const. 1970, art. I, §2.

*Hampton* is a Federal case dealing primarily with plaintiffs' rights to maintain claims against governmental entities and governmental employees under the Federal Civil Rights Act (42 U.S.C. §§1983 and 1985(3)). Defendants attempt to distinguish *Hampton* by reference to the Federal court's holding that state law cannot immunize conduct by persons acting under color of state law which conduct is violative of 42 U.S.C. §1983 or §1985(3). However, *Hampton* also refers to common law counts of assault and battery, false imprisonment and malicious prosecution and interprets *Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 282 N.E.2d 144, to hold that the Illinois Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1969, ch. 85, par. 1—101 *et seq.*) does not immunize municipal corporations from liability if their agents are guilty of wilful and wanton misconduct. *Hampton*, at 610-11.

In the instant case plaintiffs never served notice of their civil action for damages but filed their complaint nearly two years after the date of the alleged injuries. The complaint which was not verified alleged that defendants maliciously, wilfully and wantonly beat plaintiffs. It made no reference to defendants' employer or to the scope of defendants' employment. Subsequently defendants filed a motion to dismiss. In support of their motion defendants attached an affidavit setting forth that they were deputy sheriffs on December 28, 1971, and that they were at plaintiffs' home on official business, serving an attachment for contempt on Arthur Johnson. Plaintiffs filed no counteraffidavit and defendants' affidavit thus stood unrebutted and must be taken as true. *D'Urso v. Wildheim* (1st Dist. 1976), 37 Ill. App. 3d 835, 347 N.E.2d 463.

Plaintiffs in the instant case make no distinction between the proof requirements and the notice requirements of the Illinois Tort Immunity Act. According to *Hampton* and *Arnolt* plaintiffs who prove that defendants' wilful and wanton conduct caused them damages will not be barred recovery by the Illinois Tort Immunity Act. However, section 8—102 of the Act encourages early investigation and prompt settlement of claims. Also the notice requirement aids governmental entities in determining their budgets in advance for tax purposes. The purpose of the notice requirement of section 8—102 of the Act is to encourage early investigation at a time when witnesses are available, conditions have not materially changed and meritorious claims may be promptly settled. (*Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 348 N.E.2d 176; *King v. Johnson* (1970), 47 Ill. 2d 247, 265 N.E.2d 874.) The notice requirement of section 8—102 has been held to apply to all tort actions brought against local governments. (*Ritsema-Willgard, Inc. v. McDermott & Co.* (N.D. Ill. 1969), 295 F. Supp. 180.) Moreover, in *Dear v. Locke* (2d Dist. 1970), 128 Ill. App. 2d 356, 262 N.E.2d 27, a complaint against two sheriffs

alleging false imprisonment was dismissed for failure to comply with the notice requirement of section 8—102. In *Ramos v. Armstrong* (3d Dist. 1972), 8 Ill. App. 3d 503, 289 N.E.2d 709, a complaint against two police officers alleging false arrest, malicious prosecution and battery was also dismissed for failure to comply with the notice requirements of section 8—102. Both appellate courts affirmed the orders of the courts below.

In the instant case plaintiffs filed their complaint nearly two years after the date of the alleged injuries without having filed notice in accordance with section 8—102. Their complaint alleged that defendants maliciously, wilfully and wantonly beat plaintiffs. In their motion to vacate the dismissal order plaintiffs further alleged that defendants were not acting within the scope of their employment.

Section 8—102 of the Act provides in pertinent part:

> "Within 6 months from the date that the injury or cause of action, referred to in Sections 8—102 and 8—103, was received or accrued, *any person who is about to commence any civil action for damages on account of such injury* against a local public entity, or *against any of its employees* whose act or omission committed while acting in the scope of his employment * * * caused the injury, must personally serve in the Office of the Secretary or Clerk, * * * for the entity against whom or against whose employee the action is contemplated a written statement * * * giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, and the name and address of the attending physician, if any." (Emphasis added.) Ill. Rev. Stat. 1971, ch. 85, par. 8—102.

Section 8—103 provides:

> "If the notice under Section 8—102 is not served as provided therein, *any such civil action commenced* against a local public entity, or *against any of its employees* * * * *shall be dismissed* and the person to whom such cause of injury accrued shall be forever barred from further suing." (Emphasis added.) Ill. Rev. Stat. 1971, ch. 85, par. 8—103.

■■ The Act refers to any civil action for damages and makes no distinction between negligent acts and wilful and wanton acts. Also the Act requires such notice in any civil action commenced not only against a local public entity, but also against any of its employees. While *Hampton* holds that the Illinois Tort Immunity Act does not immunize governmental entities from the wilful and wanton acts of their employees, it makes no reference to the Act's notice requirements. Neither does *Arnolt*. And, under *Arnolt*, the governmental entity is liable for the wilful

and wanton acts of its employees committed in the scope of their employment. The notice requirement of section 8—102 thus encourages an early investigation and prompt settlement of meritorious claims. Moreover, knowledge of the approximate number of claims against them assists governmental entities in determining their budgets in advance for tax purposes. *King v. Johnson* (1970), 47 Ill. App. 3d 247, 251.

■■ In the case before us defendants were deputy sheriffs of Cook County and were at plaintiffs' home on official business at the time of the alleged injury. As employees of Cook County they thus came within the purview of the notice requirements of section 8—102 for the alleged injury. (*Ramos.*) In addition, a reading of the Act itself requires notice for "any civil action for damages," whether that action involves negligent or wilful and wanton conduct. Since plaintiffs did not serve notice upon defendants in the instant case as they were required to do by section 8—102, the circuit court did not err in dismissing plaintiffs' complaint.

Accordingly the judgment of the circuit court is affirmed.

Affirmed.

DOWNING, P. J., and STAMOS, J., concur.