**BOARD OF TRUSTEES, VILLAGE OF BOLINGBROOK POLICE PENSION FUND, Plaintiff,**

**v.**

**UNDERWOOD, NEUHAUS & COMPANY INC., a Texas corporation, James Willhite and Robert Kolodziej, Defendants.**

**Robert KOLODZIEJ, Third–Party Plaintiff,**

**v.**

**VILLAGE OF BOLINGBROOK, an Illinois municipal corporation, Third–Party Defendant.**

**No. 89 C 6468.**

United States District Court, N.D. Illinois, E.D.

July 16, 1990.

---

Stuart D. Gordon, Norma J. Guess, Moss and Bloomberg, Ltd., Bolingbrook, Ill., Kenneth T. Kubiesa, Kubiesa & Power, Ltd., Westmont, Ill., for Robert Kolodziej.

Alex Dimitrief, Kirkland & Ellis, Chicago, Ill., for defendants.

David E. Sharp, Elaine L. Lawson, Fulbright & Jaworski, Houston, Tex., pro hac vice, for Underwood, Neuhaus & Co., Inc.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

This matter arises from an alleged fraud in the investment of certain police pension fund money and it is before the court on the motion to dismiss of third party defendant, Village of Bolingbrook (Village).

Ancillary jurisdiction enables a federal court to adjudicate claims by third parties arising from the same transaction or occurrence as federal question claims and which do not themselves meet federal jurisdiction standards. *Blake v. Pallan,* 554 F.2d 947, 956 (9th Cir.1977). The major requirement for ancillary jurisdiction is that the claims be "inextricably tied" to plaintiff's federal question claim. *Hartford Acc. & Indemnity Co. v. Sullivan,* 846 F.2d 377, 380 (7th Cir.1988). One must depend upon the other; a common issue of law or fact is not enough. *Id.* This court has ancillary jurisdiction to hear and decide this state law claim for indemnification and defense because it arises from the same transaction as the federal securities claim, and is inextricably tied to plaintiff's federal question claim.

The underlying complaint alleges that defendant-third party plaintiff, Robert Kolodziej (Kolodziej), wilfully and with reckless disregard violated Rule 10b–5 promulgated under the Securities Exchange Act of 1934, and wilfully and with reckless disregard breached his fiduciary duty to the Village of Bolingbrook Pension Fund. *See* 17 CFR sec. 240.10b–5 (1975).

Kolodziej has filed a third party complaint against the Village in which he seeks indemnification for any judgment, settlement costs and costs of defense which may

Peter A. Cantwell, Andrew V. DePaul, Cantwell & Balonick, Chicago, Ill., for plaintiff.

result from an action filed by the Board of Trustees, Village of Bolingbrook Police Pension Fund pursuant to Ill.Rev.Stat. ch. 85, sec. 2–302 (1989) and a Village of Bolingbrook ordinance, Bolingbrook Municipal Code, secs. 1–701 and 1–702 (1989) against him.

The Village has filed a motion to strike and dismiss the third party complaint alleging two propositions. First, Ill.Rev.Stat. Ch. 85, sec. 2–302 (1989) does not obligate the Village to indemnify Kolodziej because the statute makes it optional for a municipality to indemnify. Second, while the Bolingbrook Municipal Code does require the Village to provide a defense and indemnify employees under certain circumstances, this is not one of those circumstances because (a) it has not been determined that Kolodziej was acting within the scope of his employment at the time of the alleged conduct and (b) even if Kolodziej was acting within the scope of his employment, there has been no final adjudication of wilful conduct by this court so this cause of action is premature; and (c) any liability or judgment is payable to the Village so the Village is exempt from indemnification. Since the question can be decided on ripeness grounds, the court will not address whether any judgement is payable to the Village.

Parties may seek a dismissal of a cause of action at the pleading stage. However, as the Seventh Circuit has stated:

Dismissal is proper if it appears beyond a reasonable doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to the relief requested.

R.J.R. Services, Inc. v. Aetna Casualty and Surety Co., 895 F.2d 279, 281 (7th Cir.1989) quoting Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). All the factual assertions made in the complaint must be accepted as true and the inferences favorable to the plaintiff which may be drawn therefrom, must be drawn. Id. The court must judge the complaint in a light most favorable to the plaintiff and determine whether the allegations enable the plaintiff to prove

any set of facts which would entitle him to relief. At the same time, however, parties should not be required to defend against claims for which there is clearly no basis in law. Id. It is against this background that the court views the third party complaint and the third party defendants' motion to dismiss.

### I. Indemnification under Federal Law

■ The court will first consider whether Kolodziej is entitled to indemnity under federal law. In King v. Gibbs, 876 F.2d 1275 (7th Cir.1989), the Seventh Circuit Court of Appeals held that no right to indemnification exists under federal securities laws whether it be from a statute, rule or federal common law. It is beyond dispute that indemnification is not explicitly required by section 10(b) or Rule 10b–5 which contain no express right of indemnification. Id. at 1279; 17 CFR sec. 240.-10b–5 (1975). Nor does the extensive legislative history surrounding the 1934 Act indicate that Congress intended that indemnification be available under the statute. Id. at 1281; Ellenberger, J.S. and Ellen P. Mahar, Legislative History of the Securities Act of 1933 and Securities Exchange of 1934 (1973).

In sum, this court finds that as a matter of law, federal securities laws do not create a right to indemnification. Thus, indemnification is only required if a right exists under state or municipal law.

### II. Indemnification under State Law

■ The court next will consider Kolodziej's claim that he is entitled to indemnity under the Illinois Tort Immunity Act, Ill. Rev.Stat. ch. 85, sec. 2–302 (1989) (Act). The Act provides:

If any claim or action is instituted against an employee of a local public entity based on injury allegedly arising out of an act or omission occurring within the scope of his employment as such employee, the entity may elect to do any one or more of the following:

(a) Appear and defend against the claim or action;

(b) Indemnify the employee or former employee for his court costs incurred in the defense of such claim or action;

(c) Pay or indemnify the employee or former employee for a judgment based on such claim or action; or

(d) Pay, or indemnify the employee or former employee, for a compromise or settlement of such claim or action.

Ill.Rev.Stat. ch. 85, sec. 2–302 (1989) (emphasis added).

The Act provides that a municipality "may" elect to indemnify a municipal employee or "may" elect to provide a defense for that employee. Kolodziej wants this court to determine that "may elect" makes indemnification mandatory. The court declines to so hold for the following reasons.

When construing a statute, a court's primary objective is to ascertain the intent of the legislature. *People v. Boykin,* 94 Ill.2d 138, 141, 445 N.E.2d 1174, 68 Ill.Dec. 321 (1983); *People ex rel. Cason v. Ring,* 41 Ill.2d 305, 310, 242 N.E.2d 267 (1968). The Illinois Appellate Court in *Heritage Bank & Trust Co. v. Harris,* 132 Ill.App.3d 969, 478 N.E.2d 526, 88 Ill.Dec. 211 (1st Dist. 1985) said:

> Legislative intent is to be derived primarily from a consideration of the legislative language itself. There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports.

*Id.* 478 N.E.2d at 530, 88 Ill.Dec. at 215, citing *People ex rel. Scott v. Schwulst Bldg. Center, Inc.,* 89 Ill.2d 365, 371, 432 N.E.2d 855, 59 Ill.Dec. 911 (1982) and *Western Nat'l. Bank v. Village of Kildeer,* 19 Ill.2d 342, 350, 167 N.E.2d 169 (1960).

Thus, in determining legislative intent, the first level of analysis is the language of the statute itself. *Graczyk v. United Steelworkers of America,* 763 F.2d 256 (7th Cir.1985), *cert. denied,* 474 U.S. 970, 106 S.Ct. 335, 88 L.Ed.2d 319 (1985). Words in a statute are to be given their plain and ordinary meanings. *Jones v. Hanley Dawson Cadillac Co.,* 848 F.2d 803 (7th Cir.1988).

Section 2–302 of the Tort Immunity Act states that a municipality "may" elect to indemnify. The Illinois Supreme Court has held that "except in very unusual circumstances affecting the public interest, the legislative use of the word 'may' is permissive rather than mandatory." *In re Marriage of Freeman,* 106 Ill.2d 290, 478 N.E.2d 326, 329, 88 Ill.Dec. 11, 14 (1985). *See also Boddiker v. McPartlin,* 379 Ill. 567, 578, 41 N.E.2d 756 (1942). Since there are no very unusual circumstances affecting the public interest requiring otherwise, "may" in the Tort Immunity Act must be interpreted as permissive. Consequently, the effect of the Tort Immunity Act is merely to authorize the municipality to elect to indemnify if it finds indemnification appropriate in a particular case.

Additionally, the United States District Court for the Northern District of Illinois has already analyzed aspects of this very same statute in *Hall v. Sanchez,* 708 F.Supp. 922 (N.D.Ill.1989). The court stated that under sec. 2–302 of the Tort Immunity Act, Ill.Rev.Stat. sec. 2–302 (1989), "the City is *authorized* to appear and defend against a claim or action ..." and that the "statute *allows* the City to appear for City employees" and "to defend employees ..." *Id.* at 926 (emphasis added). In accordance with *Hall,* this court interprets "may" as permissive, giving the municipality the authority to elect to indemnify or defend.

Thus, the Village has the option to defend or indemnify under section 2–302. Nothing in the statute mandates a municipality to indemnify or defend. Consequently, the Village is not obligated to indemnify or defend Kolodziej under Illinois' Tort Immunity Statute, sec. 2–302. Therefore, indemnification is required only if a right to it exists under municipal law.

### III.  *Indemnity under Municipal Law*

The court next considers Kolodziej's claims that he is entitled to indemnity resulting from Bolingbrook's Municipal Code, sec. 1–701 (1989). Both parties agree that Kolodziej is the Village Treasurer and the Director of Finance within the meaning of

the ordinance. This ordinance provides in relevant part:

> To the fullest extent permitted by the constitution of the State of Illinois of 1970 and applicable law, each of the following officials and employees of the Village, viz ... *The Director of Finance ... shall* be indemnified, defended and held harmless by the Village from and against all liabilities, expenses of investigation, judgment and amounts paid in settlement which may be imposed upon or reasonably incurred or paid by such official or employee in connection with or resulting from any claim made against him or any action ... *by reason of his being or having been such official or such employee of the Village* ... provided, however, that the foregoing indemnity shall not extend to any of the following:
>
> a) Any liability or cost with respect to any matter ... which such official ... is *finally adjudged to be guilty of bad faith, or actual malice, or willful and wanton misconduct* in the performance of his duties as such official ...;
>
> b) Any payment, expense or cost arising out of a settlement of any claim, action, suit or proceeding ...;
>
> c) Any liability or judgement payable to the Village itself;
>
> d) The cost of independent legal representation in any action ... if the Village offers or otherwise indicates its willingness to provide a legal defense with respect to such claim, action, suit or proceeding to a final conclusion.

Bolingbrook Municipal Code, sec. 1–701 (1989) (emphasis added).

■ The Village first argues that Kolodziej's actions were not within his scope of employment, thus this ordinance should not apply. The court disagrees for the following reasons: Applicable state law, the Illinois Tort Immunity Act, permits indemnification only for injuries that arise from acts or omissions within an employee's "scope of employment." Ill.Rev.Stat. ch. 85, sec. 2–302 (1989). The Bolingbrook ordinance mandates indemnification, with certain exceptions, for an action that arises "by rea-

son of his being or having been such official or such employee of the Village." Bolingbrook Municipal Code, sec. 1–701 (1989). The ordinance appears broader than the statute, but the ordinance only allows indemnification "to the fullest extent ... permitted by applicable law." Bolingbrook Municipal Ordinance, sec. 1–701 (1989). Therefore, the phrase "by reason of his being or having been such official or such employee of the Village" in the Bolingbrook ordinance must be interpreted to have the same meaning as the phrase "within the scope of employment" in the Illinois Tort Immunity Statute. Ill.Rev. Stat. ch. 85, sec. 2–302 (1989).

■ Illinois courts employ an objective test in determining whether an employee's acts are "within the scope of his employment." *See Johnson v. King*, 55 Ill.App.3d 336, 340–41, 371 N.E.2d 18, 13 Ill.Dec. 323 (1st Dist.1977). Thus, the inquiry must focus not on Kolodziej's subjective intent at the time of the incident, but instead on his actions, objectively viewed.

In *Hibma v. Odegaard*, 769 F.2d 1147 (7th Cir.1985), the Seventh Circuit Court of Appeals interpreted "the scope of employment as including 'those acts which are so closely connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objective of the employment.'" *Id.* at 1152 quoting *Cameron v. City of Milwaukee*, 102 Wis.2d 448, 307 N.W.2d 164, 168–69 (1981). Additionally, the Seventh Circuit Court of Appeals concluded that actions having an "intimate bearing on the duties normally assigned to the office of employment, even though *usurped* or misused, must be considered as falling within the meaning of the term 'scope of employment.'" *Coleman v. Smith*, 814 F.2d 1142, 1149 (7th Cir.1987) (emphasis added).

■ In order to better understand if actions fall "within the scope of employment" as defined by the statute and the ordinance, the term usurped needs to be defined. "A usurpation is nothing more nor less than the assumption of power *not au-*

*thorized." Clark v. Brown,* 108 S.W. 421, 451 (Tex.Civ.App.1908) (emphasis added). "Usurpation means going beyond or *exceeding the power* vested in one." *Ex parte Wilkinson,* 220 Ala. 529, 126 So. 102, 104 (1930) (emphasis added). "A usurper is one who undertakes to act officially *without* any actual or apparent *authority." In re Wingler,* 231 N.C. 560, 58 S.E.2d 372, 375 (1950) (emphasis added). Additionally, Webster's Dictionary defines "usurp" as "to employ wrongfully: use *without authority."* Webster's Third New International Dictionary, 2525 (3rd ed. 1986). Common to all these definitions of "usurp" is action taken without authority.

■ The next level of analysis is determining whether Kolodziej usurped or misused the duties within the authority of his office as the Village Treasurer. Unfortunately, there is no bright line to determine what objective activities fall within the scope of employment. The Village Code states the duties Kolodziej was required to perform as Village Treasurer. Code, Section No. 3–304. A Village Treasurer, by statute, is required to hold monies of the Pension Fund, subject to the order of the Pension Board. Ill.Rev.Stat. ch. 108½, sec. 3–132 (1985). The statute governing his office required that he invest those monies if ordered to do so by the Board. Therefore, investing pension money has an intimate bearing on the duties normally assigned to Kolodziej's office. Though the authority to make the investments may have been usurped or misused because Kolodziej lacked the required authority from the Board, the making of those investments fell within the scope of his employment within the meaning of the Bolingbrook Municipal Code, secs. 1–701 and 1–702.

■ Second, the Village argues that even if Kolodziej was acting within the scope of his employment, this third party complaint is premature because there has been no final adjudication on the merits. This argument has merit for the following reasons: Just as a case can be brought too late, and thereby be moot, it can be brought too early, and not yet be ripe for adjudication. Until a controversy has become concrete and focused, it is difficult for a court to evaluate the practical merits of the position of each party. If a court waits for an actual controversy, the issue before the court may be eliminated by later developments.

Under the Bolingbrook ordinance, the Village has both the right and the duty to indemnify and defend Kolodziej in any action seeking damages that occurred by reason of his being an employee of the Village. The ordinance provides an exclusion that the duty to indemnify or defend will not extent to any final adjudication of bad faith or actual malice, or wilful and wanton misconduct in the performance by an employee of his duties. Bolingbrook Municipal Code, sec. 1–701 (1989). Consequently, there are two separate issues involved: the duty to indemnify and the duty to defend.

Whether an indemnification issue is ripe for adjudication depends on the facts and circumstances of the case under consideration. The Illinois Supreme Court has clearly stated that an action for indemnification is premature while the underlying action is pending if the indemnity decision would require a court to adjudicate facts in the underlying dispute. *Maryland Casualty Co. v. Peppers (St. Paul Fire & Marine Ins. Co.),* 64 Ill.2d 187, 355 N.E.2d 24, 30 (1976); *see also Allstate Ins. Co. v. Gleason,* 50 Ill.App.2d 207, 200 N.E.2d 383, 387 (Ill.App. 1st Dist.1964); *Tews Funeral Home, Inc. v. Ohio Casualty Ins. Co.,* 832 F.2d 1037 (7th Cir.1987); *Cunningham Bros., Inc. v. Bail,* 407 F.2d 1165, 1169 (7th Cir.1969); *Maryville Academy v. Loeb Rhoades & Co., Inc.,* 530 F.Supp. 1061 (N.D.Ill.1981); *Forty–Eight Insulations, Inc. v. Johns–Manville Prod. Corp.,* 472 F.Supp. 385, 393 (N.D.Ill.1979); *In Re: Conticommodity Serv., Inc., Sec. Litig.,* 733 F.Supp. 1555, Fed.Sec.L.Rep. (CCH) P94,932 (N.D.Ill.1990) (claim for indemnity is premature since the defendant has not yet been found liable in any action).

In order to determine whether the Village has a duty to indemnify Kolodziej, the court would have to determine, at the very least, the ultimate fact of whether Kolod-

**990**

ziej's conduct was wilful or wanton. This would have an effect on the litigation and it would, therefore, be improper to make such a determination. The proper procedure is to dismiss without prejudice the third party complaint requesting indemnification and to decide the issue, if necessary, after the conclusion of the litigation. *See Management Support Assoc. v. Union Indem. Ins. Co. of N.Y.*, 129 Ill.App.3d 1089, 85 Ill.Dec. 37, 44, 473 N.E.2d 405, 412 (Ill.App. 1st Dist.1984) (court would not rule on whether the insurer has duty to indemnify until the conclusion of the litigation.)

In summary, the court holds that the issue of indemnification cannot be addressed until the conclusion of the litigation. Consequently, the motion to dismiss will be granted without prejudice as to the portion of the third party complaint seeking indemnification.

The second issue involves whether the Village has a duty to defend. The duty to defend is not coextensive with the duty to indemnify. Bolingbrook Municipal Code, sec. 1–702. Under the ordinance and common law, the duty to defend is broader than the duty to indemnify. *Zurich Ins. Co. v. Raymark Indus., Inc.*, 118 Ill.2d 23, 52, 112 Ill.Dec. 684, 514 N.E.2d 150 (1987); *Aetna Casualty and Sur. Co. v. Prestige Casualty Co.*, 195 Ill.App.3d 660, 553 N.E.2d 39, 142 Ill.Dec. 689 (Ill.App. 1st Dist.1990). The motion to dismiss only mentions the duty to defend briefly in paragraphs 5 and 6: "In his Third Party Complaint against the Village, Kolodziej seeks an order requiring the Village to *assume the cost of defense* and to indemnify ..." and "[w]hile the Bolingbrook Municipal Code does require the Village to provide a *defense* and to indemnify employees ..." (emphasis added). At no point does the Village present any basis on which to dismiss Kolodziej's claim for the cost of defense. Therefore, the portion of the third party complaint concerning indemnification for the cost of defense will not be dismissed.

ORDERED: Third party defendant's motion to dismiss is granted in part and denied in part. The motion to dismiss is granted without prejudice concerning the claim for indemnification and denied concerning the claim for costs of defense.